## MANNING v. PATTERSON.

### (District Court, D. New Jersey. August 8, 1907.)

### No. 115.

In Equity. On final hearing on bill, answer, replication, and proofs.

John S. Applegate & Son, for complainant.

Wesley B. Stout and Charles Harvey, for defendant.

LANNING, District Judge. This is a proceeding in equity to set aside, as fraudulent against creditors, a mortgage on real estate for $2,000 given by the defendant as an individual to himself as guardian of John F. Patterson, a lunatic, on December 31, 1904, and recorded on January 3, 1905. The mortgage was given as a substitute for two other mortgages, one for $1,200, and the other for $800, covering other lands owned by the defendant. On giving the mortgage for $2,000, the other two mortgages were canceled. It is not contended that the mortgages for $1,200 and $800, which were given about 1892, were in any respect invalid. As was stated in the opinion in Louis Y. Manning, Trustee, v. George W. Evans (just filed) 156 Fed. 106, an effective petition to have Patterson adjudged an involuntary bankrupt was filed against him on July 3, 1905, just six months after the new mortgage had been recorded.

For the reasons given in that opinion, the mortgage cannot be set aside either under the provisions of section 67e or those of section 60b of the Bankruptcy Act. Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]. The contention that it is invalid under the provisions of section 70e seems to me equally untenable. Patterson owed to the estate of the lunatic for whom he was guardian the sum of $2,000. If on December 31, 1904, when the new mortgage was given, that debt had been wholly unsecured, and if he then knew he was insolvent, he nevertheless had the legal right, subject to the provisions of the bankruptcy act, to prefer his lunatic creditor. If an effective petition in bankruptcy had been filed against him within four months after January 3, 1905, when the new mortgage was recorded, a different question concerning the validity of the mortgage would have been presented. The transaction here complained of not only took place six months before the filing of an effective petition in bankruptcy, but it was wholly free from any attempt to do more than prefer one of the insolvent's many creditors. It was not intended, in any legal sense, to hinder, delay, or defraud any creditor whomsoever.

The bill of complaint must therefore be dismissed, with costs.